[Filed February 29, 1888.]

## STATE OF OREGON, RESPONDENT, *v.* EDWARD NORTON, APPELLANT.

SUNDAY—INDICTMENT DATED ON.—An indictment dated on Sunday is not void under the statute making Sunday a non-judicial day; the defect is only formal at most, if at all, and could only be taken advantage of by proper motion before trial.

APPEAL from Multnomah County.   Affirmed.

*Henry E. McGinn*, for Respondent.

*W. L. Nutting*, and *R. J Eaton*, for Appellant.

LORD, C. J.—The defendant was indicted, tried, and convicted of the crime of burglary.   A motion in arrest of judgment was filed, and after argument denied by the court, and the defendant sentenced to imprisonment in the penitentiary for the period of three years.   The indictment states all the facts material to be alleged to constitute the offense with which the defendant is charged, and ends in this wise, stating such facts: "Dated at Portland, the county aforesaid, this thirtieth day of

January, 1887." The thirtieth day of January, 1887, was Sunday, and the objection raised is that the indictment is void because dated on Sunday. In the press of business, it is probable that the district attorney availed himself of that day to draw this, and perhaps other indictments, and inadvertently dated it on that day, or it may have been done by mistake. However that may be, it is of little consequence. By the Code of Criminal Procedure, the date is made no part of, nor is it a fact necessary to be stated to make a valid indictment. The time and place, etc., in the charging part of the indictment are specified, and every other material fact necessary to be alleged to make out the crime of burglary. The date when the indictment purports to have been drawn is of no significance, as it shows itself by indorsement that it was not presented and filed until the fifth day of February, 1887

It is made the duty of this court to give judgment without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties. (Hill's Code, § 1449; *State* v. *O'Neil*, 13 Or. 183.) The date being no fact necessary to be stated to constitute the offense, could not operate to affect any right of the accused, or prevent him from having a fair and impartial trial. At most if at all, the defect is only formal, and waived if not taken advantage of by motion before trial. Merely technical errors or defects which could not have affected the guilt or innocence of the accused, or have prevented an impartial trial, cannot be made the basis of a new trial, much less for arrest of the judgment. If we may give it that importance, it requires something more than a mere defect in form to authorize a court to grant a motion in arrest of judgment. To do that, it must appear, (1) that the grand jury which found the indictment had no legal authority to inquire into the crime charged, because the same is not triable within the county; and (2) that the facts stated in the indictment do not constitute a crime.

As the date referred to here constitutes no part of the facts necessary to be stated to constitute the offense charged, the motion was properly denied, and there being no error the judgment must be affirmed.